UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 17 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>RONALD L. WIECZOREK; DEANNA M. WIECZOREK; SOUTH DAKOTA DEPARTMENT OF REVENUE; AURORA COOPERATIVE OIL ASSOCIATION; UNIVERSAL UNDERWRITERS INSURANCE COMPANY; MASSEY-FERGUSON CREDIT CORPORATION; MASSEY-FERGUSON, INC.; FARMERS ELEVATOR COMPANY; DAVISON COUNTY, a political subdivision of the State of South Dakota; AURORA COUNTY, a political subdivision of the State of South Dakota,<br><br>Defendants. | CIV 00-4054<br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the Receiver's Motion to Distribute Rents to United States Attorney; To Distribute Certain Earned Interest to Clerk of this Court; And For Approval of Compensation. (Doc. 89.) Defendants Ronald and Deanna Wieczorek ("the Wieczoreks") resist the motion. (Doc. 91.) Plaintiff, United States of America, filed a reply indicating that it agrees the Receiver should be allowed to distribute the monies as requested.

Also pending are the Wieczorek's Motion to Dismiss for Lack of Subject Matter Jurisdiction, doc. 101, and the government's Motion to Amend Complaint, doc. 108.

## BACKGROUND

The Wieczoreks were delinquent on farm program loans totaling $679,265.76 that were secured by real estate mortgages on land formerly owned by the Wieczoreks. The Wieczoreks failed to make payments on the loans beginning in 1983. The Farm Services Agency ("FSA") accelerated the loans in 1987, which made the entire debt due and payable. No payments were made by the Wieczoreks. The United States initiated this lawsuit in order to foreclose its mortgages on the Wieczorek's property.

In a separate action filed in this Court, CIV 00-4037, the Wieczoreks sought judicial review of a decision of the FSA denying the Wieczorek's buyback/leaseback application for the land at issue in this foreclosure action. On August 31, 2001, one and one-half years after the Complaint in this foreclosure case was filed, the FSA and the Wieczoreks stipulated to remand CIV 00-4037 for an administrative hearing on the merits. The Court stayed this foreclosure action pending a decision on remand to the agency regarding the Wieczorek's buyback/leaseback application. (Doc. 63.) The government and the Wieczoreks were directed to provide the Court with quarterly updates on the status of the administrative proceedings. The last Status Report received by the Court indicated that the FSA made the Wieczoreks an offer on leaseback/buyback and homestead protection, and that the Wieczoreks appealed that offer. (Doc. 76.) The recently submitted pleadings show that the National Appeals Division upheld the FSA's leaseback/buyback and homestead protection decision, and that the Wieczoreks decided to proceed with the FSA servicing option instead of appealing to the United States District Court.

The leaseback/buyback option required the Wieczoreks to convey the real estate, with clear title, to the FSA. Payment of real estate taxes owing on the property was necessary before the Wieczoreks could convey clear title. The FSA vouchered for Aurora County taxes for the years 2000 through 2004 in the amount of $19,831.22. The FSA also vouchered for Davison County taxes in the amount of $5,691.56 for tax years 2000 though 2004.[1] After the title was cleared, FSA accepted the Wieczorek's voluntary conveyance, and the Wieczoreks were given credit on their FSA debt for the value of the real estate in the amount of $635,000. The real estate is now inventory property of the United States through the FSA, and the Wieczoreks have entered into a leaseback agreement to lease the property from the FSA for five years. Prior to expiration of the lease, they may exercise the option to purchase the property for the current market value. The Wieczoreks remain in default under the terms of the promissory notes described in the Complaint. As of June 8, 2006, the Wieczoreks owed the United States $326,729.08, with interest accruing at $41.3493 per day.

The real estate mortgages signed by the Wieczoreks state that the government may have a receiver appointed for the property in the event of default by the borrower. (Doc. 1, Complaint,

---

[1] FSA had previously vouchered for real estate taxes for 1984 to 1999. Pursuant to the mortgage, the vouchers for all of the real estate taxes were added to the Wieczorek's debt.

2

Exhibits 6-10 at ¶ 17.) By Order issued April 3, 2001, the Court appointed Larry Dean Nelson as Receiver *pendente lite*. (Doc. 39.) Nelson was assigned all the rights and powers that the Wieczoreks had in relation to the property, including the power to operate it, collect the rents and profits, pay taxes and prior superior lienholders, and apply rents and profits for the benefit of the government. Nelson collected rental proceeds on the Wieczorek's land in the amount of $69,500. (Doc. 89.) The rental proceeds were deposited into an interest-bearing account through the Clerk of Court, with the Clerk to collect a fee of 10 percent of the total interest earned on the account. (Doc. 53.) Total interest earned as of March 3, 2006 was $4,035.41.

In the Receiver's pending motion, Nelson requests distribution of the rental proceeds and interest earned in the amount of $73,535.41 as of March 3, 2006. Specifically, he requests $2,006 for the Receiver's fees, $71,125.87 to be distributed to the FSA, and $403.54 for the Clerk of Court. The Wieczoreks agree that the Receiver's fees should be paid, but contend that the remainder of the proceeds should be disbursed to them and not the FSA.

The Wieczoreks move for dismissal of this action, arguing that they still have not exhausted their administrative remedies. Specifically, the Wieczoreks contend that they have the option of debt settlement with the FSA for the amounts still owed to the agency. The government contends that the debt settlement must be done through the United States Attorney, not the agency, so the Wieczoreks do not have administrative remedies to exhaust. The government asks to be allowed to amend or supplement the Complaint in order to proceed with collection of the Wieczorek's remaining debt.

## DISCUSSION

<u>Motion to Dismiss</u>

The Wieczorek's first argument in favor of dismissal appears to be that subject matter jurisdiction has never existed with this Court because the government filed this action before the Wieczoreks had exhausted their administrative remedies. This foreclosure case is somewhat unusual procedurally because, one and one-half years after it was filed, the government agreed to allow the Wieczoreks to pursue an appeal on the merits of their administrative claim at issue in CIV 00-4037, a claim that involved this foreclosure action. The appeal had been denied as untimely at the time this

3

foreclosure action was filed, and the government believed that the Wieczorek's administrative remedies had been exhausted. The Wieczoreks suggest that the government, acting in bad faith, filed the foreclosure action before they had exhausted their administrative remedies, but there is no evidence of that.[2] In fact, the Wieczorek's Complaint and Amended Complaint in CIV 00-4037 set forth their own belief that they had exhausted their administrative remedies:

> Plaintiffs [the Wieczoreks] have fully complied with all procedural requirements of the appeal process through the agency and no further right of review or appeal or other remedy is available to plaintiffs before such agency. Plaintiffs hereby appeal by this complaint to the federal district court for review of the agency decision.

(CIV 00-4037, Docs. 1 and 9, ¶ IV.) The Court has reviewed the file in CIV 00-4037 and notes that final agency action had been taken when the government filed this foreclosure case. It was one and one-half years after this action was filed that the parties agreed to remand CIV 00-4037 for a decision by the agency on the merits. At that point the Wieczoreks had an opportunity to pursue an administrative remedy, but that was not the case when the government filed this foreclosure action. Upon review of this entire file, the Court finds that this foreclosure action was not filed prematurely, and that staying the case was a proper exercise of this Court's discretion.

The Wieczoreks also argue that this case should be dismissed because they still have administrative remedies available to them for settlement of their remaining debt. They submitted a copy of a page from FmHA Instruction 1951-S, and they highlighted 7 C.F.R. § 1951.911(a)(5)(ii)(B) (1992) which states, "Any remaining debt after conveyance of the chattel and of real estate property will be debt settled in accordance with Subpart B of Part 1956 of this chapter." (Doc. 103, Ex. 1.) The Wieczoreks assert that this entitles them to debt settlement before the FSA. The government points to administrative regulations that prohibit the FSA from negotiating a debt settlement if the case has been referred to the United States Attorney for collection. *See* 7 C.F.R. § 1956.57(g)(1)(iii), (g)(2) & (g)(3). When the United States Attorney's file is open, as in the

---

[2]The Wieczoreks also suggest that the government's request to stay this foreclosure case during the pendency of the administrative appeal was improper. If that is true, it is peculiar that the Wieczoreks did not file an objection to the government's motion to stay. The Court waited three months before ruling on the motion, and the Wieczoreks did not respond to it, nor did they complain about the stay during the pendency of the administrative proceedings.

4

present case, the FSA has no authority to agree to a settlement. *Id.* The regulations do not preclude debt settlement, but rather shift the responsibility for settlement from the agency to the United States Attorney. *Id.* Section 1956.57(g)(3) provides:

> (3) When a claim has been referred to, or a judgment has been obtained by the United States Attorney, and the debtor requests settlement, the employee in charge of the account will explain to the debtor that the United States Attorney has exclusive jurisdiction over the claim or judgment, that FmHA or its successor agency under Public Law 103-354 has no authority to agree to a settlement offer when the United States Attorney's file is not closed, and that if the debtor wishes to make a compromise or adjustment offer when the United States Attorney's file is not closed, if will be submitted with any related payment directly to the United States Attorney for a decision on the settlement offer.

7 C.F.R. § 1956.57(f)(3).

Stephen A. Magedanz is a Farm Loan Specialist for the Department of Agriculture, Farm Service Agency (FSA) in Huron, South Dakota. (Doc. 116, Affidavit of Stephen A. Magedanz.) He has firsthand knowledge of the loans and transactions between the FSA and the Wieczoreks. His affidavit, submitted by the government, indicates that the FSA has been following these regulation. (Doc. 116.) Mr. Magedanz states that, on January 31, 2002, the Office of General Counsel for FSA sent a referral to the United States Attorney's Office requesting that they commence a foreclosure action against the Wieczoreks. On August 4, 2004, during a mediation session with the Wieczoreks and their attorney, Chris Nipe, Mr. Magedanz explained that if the Wieczoreks chose to proceed with a voluntary conveyance, any debt settlement offer regarding the unsecured debt would need to be approved by the United States Attorney. Mr. Magedanz received a copy of a letter dated November 4, 2004, from Assistant United States Attorney, Stephanie Bengford, to Mr. Nipe, reminding Mr. Nipe that any settlement offers should be directed to Ms. Bengford's attention. After a meeting with the Wieczoreks on March 16, 2005, Mr. Magedanz sent an Application for Settlement of Indebtedness to them. A completed application has not been returned to the FSA. According to Mr. Magedanz, if the FSA were to receive an application for settlement from the Wieczoreks it would be referred to the United States Attorney.

It is clear that the United States Attorney is in charge of handling any debt settlement proceedings that may occur. The Wieczoreks have not indicated that there are any other administrative remedies at their disposal. Accordingly, the motion to dismiss for lack of subject matter jurisdiction will be denied.

Motion to Apply Rental Proceeds

The Wieczoreks assert that the FSA improperly serviced the Wieczorek's loans and then filed this foreclosure action before their administrative remedies were exhausted. They argue it would be unfair to apply the rental proceeds to the FSA loans because the FSA should not have started this foreclosure action in the first place. Furthermore, the Wieczoreks contend that their remaining debt must be settled in accordance with FSA regulations and not through this foreclosure action. These arguments are rejected for the same reasons the Motion to Dismiss will be denied. That is, the foreclosure action was not filed prematurely, it was properly stayed during the pendency of administrative proceedings, and the controlling regulations place responsibility for debt settlement with the United States Attorney rather than with the FSA.

In addition, the Wieczoreks do not dispute the fact that, although they have conveyed their land to the government, they have not made a voluntary payment on their FSA loans since 1983. The mortgages signed by the Wieczoreks gave the government an interest in the rental income collected by the Receiver. Along with assigning the real estate to the government, the mortgages assign to the government:

> all rights, interest, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom. . . and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein–all of which are herein called "the property" . . . .

(Doc. 1, Complaint, Exhibits 6-10.) In 2001, this Court appropriately appointed a Receiver to take control of the real estate and to ensure that revenue from the property was used to make loan payments to the FSA. With the recent conveyance of the real estate to the government, a portion of the Wieczorek's debt to the FSA was paid. As of June 8, 2006, the Wieczoreks still owed the United States $326,729.08. With interest accruing daily, they owe even more today. For these

6

reasons, the Court is not convinced by the Wieczorek's argument that it would be unfair to apply the rental proceeds toward the debt owed to the government.

Motion to Amend

The government seeks to amend its Complaint pursuant to Federal Rules of Civil Procedure 15(a) or 15(d). Under Rule 15(a), leave to amend a complaint must be "freely given when justice so requires." Fed. R. Civ. P. 15(a). As a general rule, "[u]nless there is good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Becker v. University of Nebraska*, 191 F.3d 904, 907 (8th Cir. 1999) (internal quotation marks and citation omitted). Rule 15(d) provides: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). As the government correctly notes, a supplemental pleading deals with events that took place after the earlier pleading was filed. *See* 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 1504 at 184. Some of the facts upon which the government's proposed amendment would be based post-date the original Complaint. The Wieczoreks qualified for leaseback/buyback, the property that was the subject of the government's foreclosure complaint has now been deeded to the FSA, and the Wieczoreks still owe the government $326,729.08 (as of June 8, 2006) based on the promissory notes they entered into with the FSA. Because these facts and the collection claim are the proper subjects of an amended or supplemental pleading, and because justice requires amendment in this case so that the government may proceed to collect the money owed by the Wieczoreks, the motion to file an amended complaint will be granted. Accordingly,

IT IS ORDERED:

1. That the Receiver's Motion to Distribute Rents to United States Attorney; To Distribute Certain Earned Interest to Clerk of this Court; And For Approval of Compensation, doc. 89, is granted.

2. That the Clerk of Court shall pay the sum of $2,006 to Receiver Larry Dean Nelson in compensation for his services.

3. That the Clerk of Court shall distribute the sum of $71,125.87 to the Department of Justice, United States Attorney, for distribution to its client agency, Farm Service Agency, "FSA."

4. That the Clerk of Court shall pay over to itself accumulated interest earnings as of March 3, 2006 in the amount of $403.54.

5. That the Clerk of Court shall pay over to itself ten percent (10%) of the remaining interest earned after March 3, 2006.

6. That any remaining balance held after distribution of the foregoing amounts shall be paid over to the Department of Justice, United States Attorney, for distribution to its client agency, Farm Service Agency, "FSA."

7. That the Receiver will not be discharged until this case is dismissed by Order of this Court.

8. That the Motion to Extend Time to File Response to Motion to Dismiss, doc. 105, is granted.

9. That the Motion to Dismiss for Lack of Subject Matter Jurisdiction, doc. 101, is denied.

10. That the Motion to Amend Complaint, doc. 108, is granted. The government may serve and file the proposed Amended Complaint attached as Exhibit A to the motion to amend.

Dated this 17th day of November, 2006.

BY THE COURT:

*Lawrence Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies* (signature)
(SEAL)   DEPUTY

8